Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
MANEET BASSI-PUREWAL (SBN 346303)
3638 American River Drive
Sacramento, California 95864
Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
mjaime@methenysears.com
mbassi@methenysears.com

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDGTION, JR.<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 to 25, inclusive,<br><br>Defendant. | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint filed:  November 1, 2022<br><br>**Sacramento County Superior Court, State Case No. 34-2022-00329165** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION hereby removes the matter Thomas Edgtion, Jr. v. Costco Wholesale Corporation; and DOES 1-25 inclusive from the Superior Court of California, County of Sacramento County, Case No. 34-2022-00329765 to the United States District Court for the Eastern District under 28 U.S.C. sections §1441(b), and §1446(b)(3).  Copies of the pleadings and other papers served on the removing defendant in the above-described action are attached to this Notice of Removal as required by 28 U.S.C. § 1446. (See **Exhibits A** Complaint), **B** (Statement of Damages), **C** (Plaintiff's Response

1

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1    to Form Interrogatory 2.5), **D** (Answer).)

2    **I.    STATEMENT OF JURISDICTION**

3        1.    As the record demonstrates, the action pending in state court is a civil action within

4    the original diversity jurisdiction of the federal district courts under 28 U.S.C. §1332(a) because

5    there is complete diversity of citizenship between the litigants, and the amount in controversy

6    exceeds $75,000.

7        2.    Based upon information and belief, Plaintiff was a Citizen of California and resident

8    of the County of Sacramento, California on November 22, 2020, the date of the alleged incident.

9        3.    Based upon information and belief, Plaintiff was a citizen of California and resident

10   of the County of Sacramento, California when he filed the Complaint on November 1, 2022; and

11   based upon information and belief, Plaintiff is a citizen of California and resident of the County of

12   Sacramento, California at the time of filing of this Notice of Removal.  (See Plaintiff's Complaint,

13   attached as **Exhibit A**; See also Plaintiff's discovery response, attached as **Exhibit C**.)

14       4.    Defendant COSTCO WHOLESALE CORPORATION was on November 22, 2020,

15   the date of the alleged incident, and on November 1, 2022, when Plaintiff filed the Complaint, a

16   Washington Corporation with its principal place of business in Issaquah, Washington.  COSTCO

17   WHOLESALE CORPORATION is at the time of filing this Notice of Removal a Washington

18   Corporation with its principal place of business in Issaquah, Washington.

19       5.    Plaintiff claims to have suffered general damages and special damages.  (See

20   Statement of Damages, attached as **Exhibit B**.)

21       6.    On November 1, 2022, Plaintiff in his statement of damages, based upon

22   information and belief, prepared by his counsel, asserted that he has incurred $22,602,292.00 in

23   total damages due to the aforementioned incident at Costco.  (**Exhibit B**.)

24       7.    Plaintiff stated in his response to Form Interrogatory, No. 2.5 that he has lived in

25   Rancho Cordova, CA (Sacramento County) at the same address since at least 2010. Attached as

26   **Exhibit C** is a copy of Plaintiff's discovery response.

27   ///

28   ///

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

2

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## II.    VENUE

8.    This action was filed in the Superior Court of California for the County of Sacramento. Venue properly lies with the United States District Court for the Eastern District of California as the district and division embracing the places where the action is pending. (*See* 28 U.S.C. §84(b) and 1441(a).) Defendant is a corporation doing business in the County of Sacramento. (Complaint, ¶ B.) Consequently, the alleged acts and events Plaintiff complains of occurred in this judicial district. (28 U.S.C. §1391(a).)

## III.    INTRADISTRICT ASSIGNMENT

9.    Assignment to the United States District Court for the Eastern District in California sitting in Sacramento is proper under 28 U.S.C. sections 1331 and 1441(a) and Eastern District of California Rule 120(d) because the state court action was filed and is pending in the County of Sacramento and Plaintiff is a citizen of California and the alleged acts and events Plaintiff complains of occurred in Sacramento County.

## IV.    PLEADINGS, PROCESS, AND ORDERS

10.    On November 1, 2022, Plaintiff filed a Complaint in Sacramento County Superior Court alleging premises liability and negligence against COSTCO WHOLESALE CORPORATION. A copy of the Summons and Complaint was previously attached as **Exhibit A**.

11.    On November 1, 2022, Plaintiff alleged in his complaint that he incurred $22,602,292.00 in total damages due to the aforementioned incident at Costco. A copy of the Summons and Complaint was previously attached as **Exhibit B**.

12.    On January 23, 2023, Plaintiff, in his Statement of Damages, based upon information and belief, prepared by his counsel, asserted that he has incurred $22,602,292.00 in total damages due to the incident at Costco. A copy of Plaintiff's Statement of Damages was previously attached as **Exhibit B**.

13.    On December 29, 2022, COSTCO WHOLESALE CORPORATION filed an Answer in Sacramento County Superior Court in response to the Complaint. A copy of the Answer is attached as **Exhibit D**.

///

3

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## V.    DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY

14.    A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located. (28 U.S.C. 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010).) A corporation's principal place of business is ". . . the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" (*Id.* at 92-93.) The "nerve center" is usually its headquarters. (*Id.*)

15.    COSTCO WHOLESALE CORPORATION could not ascertain from the face of the Complaint that Plaintiff was a citizen of California. The Complaint alleges where Plaintiff was a resident of at the time of filing but provides no foundational facts as to where Plaintiff was a domicile.

16.    Defendant COSTCO WHOLESALE CORPORATION was on November 22, 2020 when the alleged incident occurred and on November 1, 2022 when Plaintiff filed the Complaint, a Washington Corporation with its principal place of business in Issaquah, Washington. As such, COSTCO WHOLESALE CORPORATION'S domicile is Washington. COSTCO WHOLESALE CORPORATION is at the time of filing this Notice of Removal, a Washington Corporation with its principal place of business in Issaquah, Washington.

17.    Plaintiff stated in his response to Form Interrogatory, No. 2.5 that he has lived in Rancho Cordova, CA (Sacramento County) since 2010. Defendant Costco received the discovery responses on January 23, 2023. Attached as **Exhibit C** is a copy of Plaintiff's discovery response. As such, Plaintiff's domicile is California and has been since at least 2010, 10 years before the subject incident.

18.    Thus, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. Section 1332(a)(1) because Plaintiff is a citizen of California and COSTCO WHOLESALE CORPORATION is a citizen of Washington.

19.    Plaintiff's Request for Statement of Damages indicated that he alleges $22,602,292.00 in total damages due to the aforementioned incident at Costco. The damages of $22,602,292.00 exceeds the amount in controversy minimum of $75,000. The Statement of

4

1    Damages was previously produced as **Exhibit B.**

2    20.    With complete diversity and the threshold damages requirement met, this matter is

3    removable to federal court.

4    **VI.    TIMELINESS OF REMOVAL**

5    21.    A case is removable on diversity grounds if the parties are completely diverse in

6    their state domicile and the amount in controversy exceeds $75,000. (28 U.S.C. §§ 1332(a), 1446.)

7    22.    Costco confirmed Plaintiff's amount in controversy of $22,602,292.00, which

8    exceeds $75,000, as well as his domicile from his response to Form Interrogatories, Set One.

9    23.    This matter is removable until 30 days after receipt of information establishing

10    diversity jurisdiction is met. Costco received Plaintiff's Statement of Damages on or about January

11    23, 2023 and had received his discovery responses on or about January 23, 2023.

12    24.    Costco is filing this removal within the 30-day period after receipt of the Statement

13    of Damages establishing the amount in controversy. This Statement of Damages, combined with

14    the received written discovery, established that diversity jurisdiction was met.

15    25.    Defendant COSTCO WHOLESALE CORPORATION removes the state court

16    matter to federal court less than 30 days after receipt of the Statement of Damages establishing the

17    amount in controversy. This, combined with the previously received discovery, are the two

18    requisites for diversity jurisdiction.

19    26.    Thus, Costco timely removed this action to the United States District Court for the

20    Eastern District of California.

21    **VII.    NOTICE TO PLAINTIFF AND STATE COURT**

22    27.    Written notice of this filing will be given to Plaintiff's Counsel of Record and a copy

23    of the Notice of Removal will be filed with the Clerk of the Sacramento County Superior Court.

24    **VIII.    CONCLUSION**

25    28.    For all the foregoing reasons, Defendant removes this action to the United States

26    District Court for the Eastern District of California from the Sacramento County Superior Court.

27    ///

28    ///

*LAW OFFICES OF*
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5

Dated:  February 21, 2023

**MATHENY SEARS LINKERT & JAIME LLP**

By: _____
    MATTHEW C. JAIME,
    Attorneys for Defendant COSTCO
    WHOLESALE CORPORATION

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

6

*DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL*

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

Superior Court SUM-100

FILED
Superior Court

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

11/02/2022
bprasad1
By _____, Dep.
Case Number:
34-2022-00329...

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THOMAS EDGTION, JR.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse<br><br>720 9th St. Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James L. Arrasmith, The Law Offices of James L. Arrasmith, 9719 Lincoln Village Dr., #507, Sacramento, CA 95827. 916-704-3009.

| DATE: NOV 0 2 2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | B. PRASAD | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* COSTCO WHOLESALE CORPORATION
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

FILED
Superior Court Of California
Sacramento
11/01/2022
bpresadf
By_____, Dep.d
Case Number:
34-2022-0032916

1  James L. Arrasmith, SBN # 332498
   The Law Office of James L. Arrasmith
2  9719 Lincoln Village Dr., #507
   Sacramento, CA 95827
3  Phone: (916) 704-3009
   Email: jarrasmith@pm.me
4  *Attorney for Thomas Edgtion, Jr.*

5

6               SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                      FOR THE COUNTY OF SACRAMENTO

8

9  THOMAS EDGTION, JR.                    )  Case No.:
                                          )
10                                        )  UNLIMITED CIVIL CASE
                                          )
11 Plaintiff.                             )  COMPLAINT FOR NEGLIGENCE AND
                                          )  GROSS NEGLIGENCE
12            v.                          )
                                          )
13                                        )
                                          )
14 COSTCO WHOLESALE CORPORATION and       )
                                          )  JURY TRIAL DEMANDED
15 DOES 1-25                              )
                                          )
16                                        )
                                          )
17 Defendants.                            )

18

19 Plaintiff Thomas Edgtion, Jr., by and through his attorney, alleges:

20 **I.  Parties**

21 A.  Plaintiff, Thomas Edgtion, Jr., is an individual residing in the County of Sacramento, State of

22     California.

23 B.  Defendant Costco Wholesale Corporation is a corporation incorporated under the laws of the

24     State of Washington. Defendant Costco Wholesale Corporation does business in California and

25     is registered with the California Secretary of State as a corporation.

26 C.  Defendant Costco Wholesale Corporation avails itself of the jurisdiction of the State of

27     California.

28

                                          1

D. The true names of the DOE Defendants named as in this complaint are unknown to Plaintiff at this time. Plaintiff will amend this complaint to allege the true names of each of these DOE Defendant(s) as soon as Plaintiff is able to ascertain their true names.

**II. Preliminary Statement**

Plaintiff alleges and incorporates by reference all the allegations contained in the preceding paragraphs.

1. This is a case about negligent enforcement of safety standards.

2. Defendant Costco Wholesale Corporation, Inc., is negligent in its operation of its refrigerator units for its patrons.

3. Defendant Costco Wholesale Corporation, Inc., failed to correct an unreasonably dangerous defect in their freezer that had very sharp edges.

4. Because of Defendant's negligence, plaintiff cut his hand and suffered permanent and significant damage to his right hand.

5. Plaintiff is entitled to compensation for his injuries.

**III. Factual Background**

1. Defendant Costco Wholesale Corporation (doing business as Costco Wholesale and also known simply as Costco) is an American multinational corporation which operates a chain of membership-only big-box retail stores (warehouse club).

2. Costco's worldwide headquarters are in Issaquah, Washington, an eastern suburb of Seattle. The company opened its first warehouse (the chain's term for its retail outlets) in Seattle, Washington, in 1983.

3. On or about November 22, 2020, Plaintiff and his wife traveled to a Costco warehouse located at 11260 White Rock Rd., Rancho Cordova, CA 95742. There, they entered the Costco warehouse to do grocery shopping.

4. While shopping, Plaintiff reached into a freezer to grab a 10-pound bag of chicken breasts. When he pulled his hand back to take the chicken from the freezer, his hand was snagged by something sharp that he could not see.

PLAINTIFF THOMAS EDGTION, JR'S CIVIL COMPLAINT FOR DAMAGES

5. The freezer had an exposed edge that caught Plaintiff's hand and ripped his skin open, exposing the bone. Because of these sharp edges, Plaintiff suffered a severe cut to his hand, causing permanent and severe injury.

6. Plaintiff went to urgent care that same day to have his hand wound cared for and treated.

7. Since the incident, Plaintiff has not had full use of his hand. He suffers from chronic and persistent pain that will likely remain the rest of his life.

8. Plaintiff has sought medical care over the last two years since the incident for his hand, and he has been told that permanent scar tissue is the likely cause of the chronic pain.

9. However, surgery is not an option for Plaintiff; therefore, Plaintiff will live the rest of his life with chronic pain radiating in his hand.

10. On May 26, 2020 (prior to the incident), Plaintiff had just started a new handyman business, C.T. Maintenance Services LLC. His projected income from that business was $208,000 in gross revenue per year and he had twenty years before he would retire.

11. As a result of the injury, Plaintiff had to cease the business activities, and he closed the business on May 28, 2021.

12. Plaintiff is currently under the care of a pain management specialist, but his chronic and severe pain persists to this day.

## IV. Causes of Action

### A. Plaintiff's First Cause of Action – Negligence

Plaintiff alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

1. Plaintiff alleges that Defendant was negligent and fell below the standard of care that it owed to its patrons.

2. Plaintiff alleges that Defendant failed to correct an unreasonably dangerous condition on its premises.

3. Plaintiff alleges that Defendant failed to rectify an abnormally dangerous condition on the premises. Defendant used a refrigerated system for customer use with exposed sharp metal edges that cut like razor blades where customer place their hands to grab items.

3

PLAINTIFF THOMAS EDGTION, JR'S CIVIL COMPLAINT FOR DAMAGES

4. Plaintiff was unable to pursue his life-long dream of owning and operating his own handyman business. Plaintiff has suffered from chronic pain and hand impediments that prevent him from working in his vocational career as a handyman.

5. Plaintiff had to cease business functions of his self-employment handyman business because of the pain that was caused by Defendant's negligence.

6. Defendant's negligence has eliminated Plaintiff's ability to adequately support himself financially due to loss of income.

## Res Ipsa Loquitur

7. Plaintiff pleads the doctrine of Res Ipsa Loquitur.

8. Certain kinds of accidents are so likely to have been caused by the defendant's negligence that one may fairly say "the thing speaks for itself." The Latin equivalent of this phrase, "res ipsa loquitur," was first applied to a barrel of flour that rolled out of the window of the defendant's warehouse onto the plaintiff. (*Byrne v. Boadle* (1863) 159 Eng.Rep. 299, 300.) As later courts repeated the phrase, it evolved into the name of a rule for determining whether circumstantial evidence of negligence is sufficient. The procedural and evidentiary consequences that follow from the conclusion that an accident "speaks for itself" vary from jurisdiction to jurisdiction.

9. In California, the doctrine of res ipsa loquitur is defined by statute as "a presumption affecting the burden of producing evidence." (Evid. Code, § 646, subd. (b).) The presumption arises when the evidence satisfies three conditions: "'(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.'" (*Ybarra v. Spangard* (1944) 25 Cal. 2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258], quoting Prosser, Torts, p. 295.) A presumption affecting the burden of producing evidence "require[s] the trier of fact to assume the existence of the presumed fact" unless the defendant introduces evidence to the contrary. (Evid. Code, § 604; see also id., § 646, subd. (c).)

4

PLAINTIFF THOMAS EDGTION, JR'S CIVIL COMPLAINT FOR DAMAGES

10. The presumed fact, in this context, is that "a proximate cause of the occurrence was some negligent conduct on the part of the defendant ...." (Id., § 646, subd. (c)(1).) If the defendant introduces "evidence which would support a finding that he was not negligent or that any negligence on his part was not a proximate cause of the occurrence," the trier of fact determines whether defendant was negligent without regard to the presumption, simply by weighing the evidence. (Id., § 646, subd. (c); see also id., § 604.)

11. A person does not normally cut their hand on a freezer in the absence of someone's negligence, and the freezer was under the exclusive control of defendant Costco Wholesale Corporation. There is no indication that Plaintiff partook in any voluntary action or contribution to his injuries or that any other entity (other than Defendant Costco Wholesale Corporation) had control over the instrumentality that caused Plaintiff's injuries.

12. Plaintiff promptly sought medical treatment after his injuries and has been engaging in pain therapy to manage his condition.

13. Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**B. Plaintiff's Second Cause of Action - Gross Negligence**

Plaintiff alleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

1. Defendant Costco Wholesale Corporation's conduct is malicious and ongoing.

2. As of the date of this Complaint, defendant Costco Wholesale Corporation has not rectified the issue, the sharp edge in the freezer still presents a danger.

3. After the incident, Defendant had the edge covered the with duct tape, concealing the

4. As of this day, the duct tape is still there.

5. This covering of the defect is malicious as it exposes the public, at large, to peril.

6. Defendant's conduct is gross, willful, and wanton, and such conduct entitles Plaintiff to receive a punitive damages award.

**C. Prayer for Relief**

Wherefore, Plaintiff prays for requests that the Court grant the following relief:

PLAINTIFF THOMAS EDGTION, JR'S CIVIL COMPLAINT FOR DAMAGES

a. Compensatory damages in the amount of $4,160,000 in future earnings which were lost due to this incident because Plaintiff could no longer preform the necessary movements his job required.

b. Further compensatory damages in the amount of $3,000,000 for pain and suffering occasioned as a result of Defendant's harm to Plaintiff.

c. Punitive damages as determined by the trier of fact and according to proof;.

d. Pre-judgment interest, and;

e. Any and all other relief that the Court determines to be Just and Proper.

**D. Jury Demand Requested**

Plaintiff respectfully requests a jury to decide on all causes of action.

By: _____

James L. Arrasmith

Attorney for Plaintiff Thomas Edgtion, Jr.

Date: 11-1-2022

---

PLAINTIFF THOMAS EDGTION, JR'S CIVIL COMPLAINT FOR DAMAGES

# EXHIBIT B

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: **TELEPHONE NO.:**<br>THE LAW OFFICES OF JAMES L. ARRASMITH     916-704-3009<br>9719 LINCOLN VILLAGE DR. #507<br>SACRAMENTO, CA 95827<br><br>ATTORNEY FOR *(name)*:  THOMAS EDGTION, JR. | FOR COURT USE ONLY<br><br>1/23 (30)<br>2/22 removed<br><br>✗ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 9TH ST.
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SACRAMENTO, 95814
BRANCH NAME: GORDON D. SCHABER COURTHOUSE

PLAINTIFF: THOMAS EDGTION, JR.
DEFENDANT: COSTCO WHOLESALE CORPORATION ET AL.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>34-2022-00329165 |
|---|---|

To *(name of one defendant only)*: COSTCO WHOLESALE CORPORATION
Plaintiff *(name of one plaintiff only)*: THOMAS EDGTION, JR.
seeks damages in the above-entitled action, as follows:

                                                                            **AMOUNT**

**1. General damages**
  a. ☑ Pain, suffering, and inconvenience ............................................................... $ 3,000,000
  b. ☐ Emotional distress. ...................................................................................... $ _____
  c. ☐ Loss of consortium ...................................................................................... $ _____
  d. ☐ Loss of society and companionship *(wrongful death actions only)* ............... $ _____
  e. ☐ Other *(specify)* ........................................................................................... $ _____
  f. ☐ Other *(specify)* ........................................................................................... $ _____
  g. ☐ Continued on Attachment 1.g.

**2. Special damages**
  a. ☑ Medical expenses *(to date)* ....................................................................... $ 8,960
  b. ☐ Future medical expenses *(present value)* .................................................. $ Unknown
  c. ☑ Loss of earnings *(to date)* ........................................................................ $ 433,333
  d. ☑ Loss of future earning capacity *(present value)* ........................................ $ 4,160,000
  e. ☐ Property damage ........................................................................................ $ _____
  f. ☐ Funeral expenses *(wrongful death actions only)* ....................................... $ _____
  g. ☐ Future contributions *(present value) (wrongful death actions only)* ........... $ _____
  h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
  i. ☑ Other *(specify)*  Business startup costs. LegalZoom, Phone Service, Business cards $ 2,252
  j. ☐ Other *(specify)* ........................................................................................ $ _____
  k. ☐ Continued on Attachment 2.k.

**3.** ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 15,000,000
    when pursuing a judgment in the suit filed against you.

Date:  1-23-2023

James Arrasmith
      (TYPE OR PRINT NAME)                     ▶       (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
                         (Proof of service on reverse)                                 Page 1 of 2

# EXHIBIT C

1  James L. Arrasmith, SBN 332498
   The Law Offices of James L. Arrasmith
2  9719 Lincoln Village Drive, Suite 507
   Sacramento, California 95827
3  Phone: (916) – 704 – 3009

4  *Attorney for Thomas Edgtion, Jr.*

5                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                              COUNTY OF SACRAMENTO

7

8

9  THOMAS EDGTION, JR,                    ) Case No.: 34-2022-00329165
                                          )
10          Plaintiff,                    )
                                          )
11          and                           ) **THOMAS EDGTION, JR.'S RESPONSE**
                                          ) **TO FORM INTERROGATORIES, SET**
12 COSTSCO WHOLESALE CORPORATION and )    **ONE, PROPOUNDED BY DEFENDANT**
   DOES 1-25                              ) **COSTCO WHOLESALE CORPORATION**
13                                        ) **(SET ONE)**
                                          )
14          Defendants.                   )
                                          )
15                                        )
                                          )
16 ─────────────────────────────────────)

17 PROPOUNDING PARTY:    COSTCO WHOLESALE CORPORATION

18 RESPONDING PARTY:     THOMAS EDGTION, JR.

19 SET NO.:              ONE

20      Pursuant to California Code of Civil Procedure § 2030.010 et. seq., Plaintiff Thomas

21 Edgtion, Jr. (hereafter referred to as "Defendant", or "Responding Party") responds to the Form

22 Interrogatories propounded upon him by Defendant COSTCO WHOLESALE CORPORATION.

23                          **PRELIMINARY STATEMENT**

24      These responses are made solely for and in relation to this action. Each response is given

25 subject to all appropriate objections, including, but not limited to, objections concerning

26 competency, relevancy, materiality, propriety, admissibility and/or in connection with any emotion

27 or hearing or other proceeding, of any information or documents produced which would require the

28 exclusion of any statement contained herein if it were made by a witness present and testifying in

                                           1
            **THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,**
            **PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    court. Responding party responds to these interrogatories based upon the investigation conducted.

2    In the time available since the service of the interrogatories all such objections and grow and

3    therefore, are reserved and may be interpreted at the time of trial. The response to any of the

4    following interrogatories does not constitute an admission by the responding party that such request

5    is relevant to the pending action.

6        The Responding Party's discovery an internal investigation is not completed as of the date

7    of this response. The responses herein are based solely upon such information as is presently known

8    unavailable to the Responding Party further discovery and investigation may reveal information not

9    presently known to this responding claimant upon which it may rely at the assertion of the same,

10   similar, or additional objections or the provision time of trial period. Therefore, the following

11   responses are given without prejudice to this Responding Party's right to disclose subsequently

12   discovered information and evidence up to and including at the time of trial or in connection with

13   any motion, hearing her other proceeding in this action. Without in any way obligating his to do so,

14   Responding Party reserves the right: (a) to make subsequent revisions or amendments to these

15   responses based upon any information, evidence, documents, facts, and things which hereafter may

16   be discovered, or the relevance of which he may hereafter be discovered; and (b) to produce,

17   introduce, and amend these responses as appropriate; or to submit subsequently acquired discovered

18   writings, evidence., and information at trial, or in pretrial proceedings held her herein. Responding

19   party incorporates this preliminary statement into each response herein as if set fully set forth.

20                              **GENERAL OBJECITONS**

21       The following General Objections "General Objections" apply to all Propounding Party's

22   Interrogatories to Responding Party and are incorporated by reference into each answered made

23   herein. The assertion of the same, similar, or additional objections or the provision of partial

24   answers and the individual responses to these Interrogatories does not waive any of the responding

25   party's general objections as set for below:

26       1. Responding party objects to all instructions and definitions reflected in the discovery

27          served by propounding party to the extent each instruction or definition purports to

28          impose obligations other than those reflected in the California code of Civil Procedure.

2

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1     Responding party will comply with the right and duties provided pursuant to the

2     California Code of Civil Procedure, rather than those sought to be imposed by the

3     propounding party.

4     2.   Responding party objects to every item of discovery to the extent each seeks confidential

5          communications between Responding Party and his counsel, information which

6          constitutes privileged attorney work-product, financial, tax or trade secrets related

7          information, or information that is otherwise privileged from disclosure. Such privileged

8          information will be excluded from any response given.

9     3.   Responding party objects to the interrogatories to the extent that they seek to impose

10         burdens on responding party that are inconsistent with, or in addition to, responding

11         parties discovery obligations pursuant to the California ode of Civil Procedure.

12         Responding Party will respond consistent with the statutory requirements.

13    4.   Responding party objects to the interrogatories as unduly burdensome to the extent that

14         they seek to impose on responding party the obligation to identify facts that are not

15         known to him.

16    5.   The responding party will not undertake to ascertain facts that are not reasonably within

17         his knowledge or control.

18    6.   Responding party objects to the interrogatories to the extent that they are not limited to a

19         period relevant or even proximate to the events at issue in this action.

20    7.   Responding party objects to the interrogatories to the extent that they seek information

21         that is neither relevant nor reasonably calculated to lead to the discovery of admissible

22         evidence in this action.

23    8.   Responding party objects to the interrogatories on the grounds that they seek information

24         that is protected from disclosure by attorney-client privilege, the work product doctrine

25         or any other recognized privilege.

26    9.   Responding party objects to the interrogatories to the extent that they seek information

27         that may be less onerously obtained through discovery devices.

28

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,**
**PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    10. Responding party objects to the interrogatories to the extent that they are vague and
2    ambiguous.
3    11. Responding party objects to the interrogatories to the extent that they seek information in
4    which parties or nonparties may have a legitimate right or expectation of privacy
5    pursued to the California constitution (Article 1 § 1), state your case law. Responding
6    party will not provide any such private information.
7    12. Responding party objects to the interrogatories to the extent that they seek legal
8    conclusions.
9    13. the fact that the responding party responds or objects to any of the interrogatories should
10    not be taken as an admission that the responding party agrees with, accepts, or admits the
11    existing of any facts assumed by such interrogatories or that such response or objection
12    constitutes admissible evidence as to any expressed or assumed facts. Responding party
13    expressly reserves the right to object to any effort to make use of any response or
14    objection made herein, whether in the above caption litigation or in any other action or
15    proceeding.
16    14. Any information provided by responding party in response to these interrogatories is
17    subject to all objections as to competence, relevance, materiality, and admissibility, as
18    well as to any other objections on any grounds in which we would require exclusion
19    thereof if such information were offered into evidence, and responding party expressly
20    reserves all such objections and such grounds.
21    15. Without waiving any foregoing objections, all of which are incorporated by reference in
22    his responses below, responding party specifically responds to the interrogatories as
23    follows:
24    ///
25    ///
26    ///
27    ///
28    ///

4
**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1                     **RESPONSE TO FORM INTERROGATORIES**

2 **RESPONSE TO FORM INTERROGATORY NO. 1.1:**

3         Plaintiff incorporates by reference as though fully set forth herein general objections set

4 forth above.

5         Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

6 James L. Arrasmith, Attorney for Defendant. The Law Offices of James L. Arrasmith, 9719 Lincoln

7 Village Drive, Suite 507, Sacramento, California 95827.

8         Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

9 right to supplement and/or amend this response.

10 **RESPONSE TO FORM INTERROGATORY NO. 2.1:**

11         Plaintiff incorporates by reference as though fully set forth herein general objections set

12 forth above.

13         Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

14 Thomas Edgtion, Jr. Plaintiff has used no other name in the past.

15         Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

16 right to supplement and/or amend this response.

17 **RESPONSE TO FORM INTERROGATORY NO. 2.2:**

18         Plaintiff incorporates by reference as though fully set forth herein general objections set

19 forth above.

20         Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

21 Little Rock, Arkansas. July 7, 1962.

22         Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

23 right to supplement and/or amend this response.

24 **RESPONSE TO FORM INTERROGATORY NO. 2.3:**

25         Plaintiff incorporates by reference as though fully set forth herein general objections set

26 forth above.

27 ///

28 ///

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1       Plaintiff objects to this interrogatory on the basis of relevance. This interrogatory is not
2 appropriate for the type of incident and injury upon which Plaintiff is alleging because it is not
3 reasonably likely to result in the discovery of admissible evidence.

4       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
5 (a) State of California
6 (b) A4913658 – class C
7 (c) 7/7/2020
8 (d) Corrected lens

9       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
10 right to supplement and/or amend this response.

11 **RESPONSE TO FORM INTERROGATORY NO. 2.5:**

12       Plaintiff incorporates by reference as though fully set forth herein general objections set
13 forth above.

14       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
15 Plaintiff has moved in and has resided at 10545 Ragtime Circle Rancho Cordova, CA 95670 since
16 on or around May 2010.

17       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
18 right to supplement and/or amend this response.

19 **RESPONSE TO FORM INTERROGATORY NO. 2.6:**

20       Plaintiff incorporates by reference as though fully set forth herein general objections set
21 forth above.

22       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
23 (a) Currently Unemployed
24 (b) CWS Apartment Homes, LLC., 200 Lexington Dr. Folsom, CA 95630. 4/29/2009-12/23/2020,
25 Apartment Technician. Maintenance work for apartment complex.

26       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
27 right to supplement and/or amend this response.

28 ///

THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)

1   **RESPONSE TO FORM INTERROGATORY NO. 2.7:**

2       Plaintiff incorporates by reference as though fully set forth herein general objections set

3   forth above.

4       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

5   (a) Albion High School

6   (b) 1977 – 1981

7   (c) 12th grade

8   (d) High School Certificate

9       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

10   right to supplement and/or amend this response.

11   **RESPONSE TO FORM INTERROGATORY NO. 2.8:**

12       Plaintiff incorporates by reference as though fully set forth herein general objections set

13   forth above.

14       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

15   **NO**

16       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

17   right to supplement and/or amend this response.

18   **RESPONSE TO FORM INTERROGATORY NO. 2.9:**

19       Plaintiff incorporates by reference as though fully set forth herein general objections set

20   forth above.

21       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

22   **YES**

23       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

24   right to supplement and/or amend this response.

25   **RESPONSE TO FORM INTERROGATORY NO. 2.10:**

26       Plaintiff incorporates by reference as though fully set forth herein general objections set

27   forth above.

28       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,**
**PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1  **YES**

2    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

3  right to supplement and/or amend this response.

4  **RESPONSE TO FORM INTERROGATORY NO. 2.11:**

5    Plaintiff incorporates by reference as though fully set forth herein general objections set

6  forth above.

7    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

8  **NO**

9    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

10  right to supplement and/or amend this response.

11  **RESPONSE TO FORM INTERROGATORY NO. 2.12:**

12    Plaintiff incorporates by reference as though fully set forth herein general objections set

13  forth above.

14    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

15  **NO**

16    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

17  right to supplement and/or amend this response.

18  **RESPONSE TO FORM INTERROGATORY NO. 2.13:**

19    Plaintiff incorporates by reference as though fully set forth herein general objections set

20  forth above.

21    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

22  **NO**

23    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

24  right to supplement and/or amend this response.

25  **RESPONSE TO FORM INTERROGATORY NO. 4.1:**

26    Plaintiff incorporates by reference as though fully set forth herein general objections set

27  forth above.

28    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1  (a) medical expense coverage Choice - HSA

2  (b) United Healthcare Service Inc. PO Box 30555, Salt Lake City UT 84130

3  (c)Thomas Edgtion Jr. 10545 Ragtime Circle Rancho Cordova, CA 95670, (916) 792-4336

4  Bernadette Edgtion 10545 Ragtime Circle Rancho Cordova, CA 95670 (413) 374-2901

5  (d) 911617340

6  (e) Unknown

7  (f) Unknown

8  (g) Unknown

9  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the right to

10  supplement and/or amend this response.

11  **RESPONSE TO FORM INTERROGATORY NO. 6.1:**

12  Plaintiff incorporates by reference as though fully set forth herein general objections set

13  forth above.

14  Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

15  **YES**

16  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

17  right to supplement and/or amend this response.

18  **RESPONSE TO FORM INTERROGATORY NO. 6.2:**

19  Plaintiff incorporates by reference as though fully set forth herein general objections set

20  forth above.

21  Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

22  - Damage to Plaintiff's right hand due to the incident.

23  - Plaintiff has tingling, numbness, and stiffness. There is also a scar on his center knuckle.

24  - Headaches brought on by anxiety due to loss of income and any future earnings.

25  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the right to

26  supplement and/or amend this response.

27  ///

28  ///

9

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1  **RESPONSE TO FORM INTERROGATORY NO. 6.3:**

2       Plaintiff incorporates by reference as though fully set forth herein general objections set

3  forth above.

4       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

5  (a) Plaintiff suffers from chronic pain in his hand and worries about financial problems because he

6  cannot perform his normal work duties.

7  (b) Remaining the same.

8  (c) Over two years of persistent pain from the incident. Pain increases when in use but there is

9  always a constant numbing and tingling feeling and stiffness. Resting pain 3/10 pain during and

10  after activities 7/10.

11       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

12  right to supplement and/or amend this response.

13  **RESPONSE TO FORM INTERROGATORY NO. 6.4:**

14       Plaintiff incorporates by reference as though fully set forth herein general objections set

15  forth above.

16       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

17  1(a) Folsom Urgent Care

18       1600 Creekside Dr., Suite 1400

19       Folsom, CA 95630-3446

20     b)  The doctor examined my hand and glued the open wound

21     c)  November 22, 2020

22     d)  $130.00 out-of-pocket.

23  2 (a) Parween Moness, MD *(Primary Care Physician – 7/17/13 to 1/6/21)*

24       1611 Creekside Dr., Ste 102

25       Folsom, CA 95630-3490

26       (916) 984-9004

27     b) She examined my had hand and referred me to Sutter Health

28     c) December 2, 2020 & January 6, 2021

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1        d) $449.98 out-of-pocket.

2   3(a) Sutter Health

3        1655 Creekside Dr.

4        Folsom, CA 95630

5      b) Technician did an MRI on my hand

6      c) January 6, 2021

7      d) $275.00 out-of-pocket.

8   4(a) Kaiser – multiple locations but this is my primary doctor's address

9        Suhanki Rajapaksa, MD   * (Primary Care Physician – 4/1/21 through current) *

10       10725 International Drive

11       Rancho Cordova, CA 95670

12       Kaiser Medical Record Number – 08517127 (916) 631-3040

13     (b) I will provide a soft copy report from Kaiser, by email, dated 4/1/21 through current

14     (c) to be provided by email

15     (d) $8,206.03 out-of-pocket.

16        Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

17  right to supplement and/or amend this response.

18  **RESPONSE TO FORM INTERROGATORY NO. 6.5:**

19        Plaintiff incorporates by reference as though fully set forth herein general objections set

20  forth above.

21        Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

22  (a) Motrin – over the counter on November 22, 2020.  I switched to Tylenol in April 2021 when my

23  doctor had conducted bloodwork and saw that my kidneys were in distress. I briefly took a steroid

24  from deltasone for fourteen days from on or about April 16, 2021 to on or about April 30, 2021.

25  (b) For the Motrin and Tylenol, the medication was over-the-counter medicine; no prescription. For

26  the deltasone, that medication was prescribed by Doctor Suhanki Rajapaksa, M.D..

27  (c) Taken as needed until the end of April 2021.

28  ///

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,**
**PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    (d) November 22, 2020 and I stopped taking it because the doctor stated that my kidneys were in
2    distress.  To wean me off of it the doctor put me on a steroid and then suggested Tylenol as needed.
3    (e) Around $60.00 for Motrin when it was taken, an estimate of $20/month for Tylenol.
4    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the right to
5    supplement and/or amend this response.
6    **RESPONSE TO FORM INTERROGATORY NO. 6.6:**
7       Plaintiff incorporates by reference as though fully set forth herein general objections set
8    forth above.
9       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
10   **NO**
11      Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
12   right to supplement and/or amend this response.
13   **RESPONSE TO FORM INTERROGATORY NO. 6.7:**
14      Plaintiff incorporates by reference as though fully set forth herein general objections set
15   forth above.
16      Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
17   (a) Virtual chronic pain, anxiety and mental health classes assigned by Primary Care Physician
18   located at 10725 International Drive, Rancho Cordova, CA 95670.
19   (b) Plaintiff is enrolled in an outpatient program for chronic pain that he began in April of 2022.
20   (c) Ongoing pain management classes that are covered under the plan. No out-of-pocket cost to
21   Plaintiff.
22      Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
23   right to supplement and/or amend this response.
24   **RESPONSE TO FORM INTERROGATORY NO. 7.1:**
25      Plaintiff incorporates by reference as though fully set forth herein general objections set
26   forth above.
27      Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
28   **NO**

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
2  right to supplement and/or amend this response.

3  **RESPONSE TO FORM INTERROGATORY NO. 7.2**

4    Plaintiff incorporates by reference as though fully set forth herein general objections set
5  forth above.

6    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
7  **NO**

8    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
9  right to supplement and/or amend this response.

10  **RESPONSE TO FORM INTERROGATORY NO. 7.3:**

11    Plaintiff incorporates by reference as though fully set forth herein general objections set
12  forth above.

13    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
14  **NO**

15    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
16  right to supplement and/or amend this response.

17  **RESPONSE TO FORM INTERROGATORY NO. 8.1:**

18    Plaintiff incorporates by reference as though fully set forth herein general objections set
19  forth above.

20    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
21  **YES**

22    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
23  right to supplement and/or amend this response.

24  **RESPONSE TO FORM INTERROGATORY NO. 8.2:**

25    Plaintiff incorporates by reference as though fully set forth herein general objections set
26  forth above.

27    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
28  (a) Maintenance

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1   (b) Apartment Maintenance Technician

2   (c) April 29, 2009

3       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

4   right to supplement and/or amend this response.

5   **RESPONSE TO FORM INTERROGATORY NO. 8.3:**

6       Plaintiff incorporates by reference as though fully set forth herein general objections set

7   forth above.

8       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

9   November 20, 2020.

10      Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

11  right to supplement and/or amend this response.

12  **RESPONSE TO FORM INTERROGATORY NO. 8.4:**

13      Plaintiff incorporates by reference as though fully set forth herein general objections set

14  forth above.

15      Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

16  $19.62(hourly rate)*40(hours worked per week)=$784.80

17      $748.80 x 52 weeks = $38,937.60 base pay

18  Overtime rate: $29.43.

19  Bonuses were based on unit turns and renewals.

20      Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

21  right to supplement and/or amend this response.

22  **RESPONSE TO FORM INTERROGATORY NO. 8.5:**

23      Plaintiff incorporates by reference as though fully set forth herein general objections set

24  forth above.

25      Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

26  Unable to return to work after injury.

27      Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

28  right to supplement and/or amend this response.

14

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1  **RESPONSE TO FORM INTERROGATORY NO. 8.6:**

2  ///

3        Plaintiff incorporates by reference as though fully set forth herein general objections set

4  forth above.

5        Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

6  November 23, 2020, to present.

7        Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

8  right to supplement and/or amend this response.

9  **RESPONSE TO FORM INTERROGATORY NO. 8.7:**

10        Plaintiff incorporates by reference as though fully set forth herein general objections set

11  forth above.

12        Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

13  $433,333.  Plaintiff was going to earn an estimated $208,000 per year from his new business. This

14  figure represents $208,000 per year for a period of 25 months.

15        Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

16  right to supplement and/or amend this response.

17  **RESPONSE TO FORM INTERROGATORY NO. 8.8:**

18        Plaintiff incorporates by reference as though fully set forth herein general objections set

19  forth above.

20        Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

21  (a) Plaintiff has permanent damage to right hand.  This injury has prevented Plaintiff from pursuing

22  his lifelong dream of owning and operating his own business.

23  (b) $4,160,000

24  (c) Unknown –Plaintiff has permanent damage to his hand and does not know when, if ever, he will

25  be able to work.

26  (d) $208,000 in gross revenue per year (retirement in 20 years)

27        Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

28  right to supplement and/or amend this response.

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    **RESPONSE TO FORM INTERROGATORY NO. 9.1:**

2         Plaintiff incorporates by reference as though fully set forth herein general objections set

3    forth above.

4         Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

5    (a) Anxiety and severe pain and suffering due to the incident. Plaintiff cannot go a day without

6    intense pain. Please refer to Plaintiff's complaint for a more thorough statement of the facts as

7    alleged by Plaintiff.

8    (b) November 22, 2020

9    (c) $3,000,000

10   (d) Bernadette Edgtion

11        10545 Ragtime Circle

12        Rancho Cordova, CA 95670

13        (413) 374-2901

14        Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

15   right to supplement and/or amend this response.

16   **RESPONSE TO FORM INTERROGATORY NO. 9.2:**

17        Plaintiff incorporates by reference as though fully set forth herein general objections set

18   forth above.

19        Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

20   Medical Records that can prove the existence of injury can be requested at the following locations:

21        -Folsom Urgent Care, 1600 Creekside Dr., Suite 1400, Folsom, CA 95630-3446

22        Parween Moness, MD *(Primary Care Physician – 7/17/13 to 1/6/21) 1611 Creekside Dr.,

23   Ste 102, Folsom, CA 95630-3490

24        -Sutter Health 1655 Creekside Dr. , Folsom, CA 95630

25        - Kaiser Suhanki Rajapaksa, MD (Primary Care Physician – 4/1/21 through current)

26   10725 International Dr., Rancho Cordova, CA 95670

27   -Initial incident report and photographs taken at Costco located at 11260 White Rock Rd., Rancho

28   Cordova, CA 95742.

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
2  right to supplement and/or amend this response.

3  **RESPONSE TO FORM INTERROGATORY NO. 10.1:**

4  Plaintiff incorporates by reference as though fully set forth herein general objections set
5  forth above.

6  Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
7  **NO**

8  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
9  right to supplement and/or amend this response.

10  **RESPONSE TO FORM INTERROGATORY NO. 10.2:**

11  Plaintiff incorporates by reference as though fully set forth herein general objections set
12  forth above.

13  Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
14  **NONE**

15  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
16  right to supplement and/or amend this response.

17  **RESPONSE TO FORM INTERROGATORY NO. 10.3:**

18  Plaintiff incorporates by reference as though fully set forth herein general objections set
19  forth above.

20  Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
21  **NO**

22  Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
23  right to supplement and/or amend this response.

24  **RESPONSE TO FORM INTERROGATORY NO. 11.1:**

25  Plaintiff incorporates by reference as though fully set forth herein general objections set
26  forth above.

27  Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
28  **NO**

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

2  right to supplement and/or amend this response.

3  **RESPONSE TO FORM INTERROGATORY NO. 11.2:**

4    Plaintiff incorporates by reference as though fully set forth herein general objections set

5  forth above.

6    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

7  **NO**

8    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

9  right to supplement and/or amend this response.

10  **RESPONSE TO FORM INTERROGATORY NO. 12.1:**

11    Plaintiff incorporates by reference as though fully set forth herein general objections set

12  forth above.

13    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

14  (a) Bernadette Edgtion – 10545 Ragtime Circle, Rancho Cordova, CA 95670 (413) 374-2901.

15  (b) Thomas Edgtion Jr. 10545 Ragtime Circle, Rancho Cordova, CA 95670 (916) 792-4336.

16  (c) Unknown Costco worker 11260 White Rock Rd., Rancho Cordova, CA 95742.

17  (d) Unknown to Plaintiff at this time.

18    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

19  right to supplement and/or amend this response.

20  **RESPONSE TO FORM INTERROGATORY NO. 12.2:**

21    Plaintiff incorporates by reference as though fully set forth herein general objections set

22  forth above.

23    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

24  **NO**

25    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

26  right to supplement and/or amend this response.

27  **RESPONSE TO FORM INTERROGATORY NO. 12.3:**

28  ///

18

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,**
**PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1   Plaintiff incorporates by reference as though fully set forth herein general objections set
2   forth above.

3   Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
4   **NO**

5   Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
6   right to supplement and/or amend this response.

7   **RESPONSE TO FORM INTERROGATORY NO.: 12.4**

8   Plaintiff incorporates by reference as though fully set forth herein general objections set
9   forth above.

10   Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
11   The unknown Costco worker took pictures of Plaintiff's hand and the location of where the incident
12   happened.

13   Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
14   right to supplement and/or amend this response.

15   **RESPONSE TO FORM INTERROGATORY NO. 12.5:**

16   Plaintiff incorporates by reference as though fully set forth herein general objections set
17   forth above.

18   Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
19   **NO**

20   Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the
21   right to supplement and/or amend this response.

22   **RESPONSE TO FORM INTERROGATORY NO. 12.6:**

23   Plaintiff incorporates by reference as though fully set forth herein general objections set
24   forth above.

25   Subject to, and without waiving the foregoing objections, plaintiff responds as follows:
26   (a) Incident report was given to wife of Plaintiff by someone assumed to be an employee of Costco
27   Wholesale located at 11260 White Rock Rd., Rancho Cordova, CA 95742.
28   (b) November 22, 2020 Incident Report.

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1   (c) Thomas Edgtion Jr., 10545 Ragtime Circle, Rancho Cordova, CA 95670 (916) 792-4336

2   (d) Defendant is believed to possess a copy and/or original documents that Plaintiff's wife filled out

3   and submitted to an employee and agent of Defendant on the date of the incident.

4        Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

5   right to supplement and/or amend this response.

6   **RESPONSE TO FORM INTERROGATORY NO. 12.7:**

7        Plaintiff incorporates by reference as though fully set forth herein general objections set

8   forth above.

9        Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

10  (a) Thomas Edgtion Jr. 10545 Ragtime Circle, Rancho Cordova, CA 95670. (916) 792-4336

11  (b) Multiple occasions.

12       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

13  right to supplement and/or amend this response.

14  **RESPONSE TO FORM INTERROGATORY NO. 13.1:**

15       Plaintiff incorporates by reference as though fully set forth herein general objections set

16  forth above.

17       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

18  **NO**

19       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

20  right to supplement and/or amend this response.

21  **RESPONSE TO FORM INTERROGATORY NO. 13.2:**

22       Plaintiff incorporates by reference as though fully set forth herein general objections set

23  forth above.

24       Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

25  **NO**

26       Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

27  right to supplement and/or amend this response.

28  **RESPONSE TO FORM INTERROGATORY NO. 14.1:**

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1    Plaintiff incorporates by reference as though fully set forth herein general objections set

2    forth above.

3    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

4    Unknown at this time.

5    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the

6    right to supplement and/or amend this response.

7    **RESPONSE TO FORM INTERROGATORY NO. 14.2:**

8    Plaintiff incorporates by reference as though fully set forth herein general objections set

9    forth above.

10    Subject to, and without waiving the foregoing objections, plaintiff responds as follows:

11    Unknown at this time.

12    Plaintiff's investigation and discovery are continuing. Accordingly, Plaintiff reserves the right to

13    supplement and/or amend this response.

14    As to objections only:

15

16    _____
     James Arrasmith
     Attorney for Plaintiff, Thomas Edgtion, Jr.

17

18    **VERIFICATION**

19    I, THOMAS EDGTION, JR., am a party to the above-entitled proceeding. I have read the

20    foregoing Response to Interrogatories Propounded by Costco Wholesale Corporation (Set One) and

21    know the contents thereof. The same is true of my own knowledge, except as to those matters which

22    are therein alleged on information and belief, and as to those matters, I believe it to be true.

23    I declare under penalty of perjury under the laws of the State of California that the foregoing

24    is true and correct. Executed in Sacramento, California.

25    Dated: 1/23/23                    Thomas Edgtion, Jr.

26                                      THOMAS EDGTION, JR.

27

28

21
**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

1  **PROOF OF SERVICE**

2  **STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

3  I, Jennifer Childers, am a resident of Sacramento County, State of California. I am over the

4  age of eighteen years, and not a party to the within action. My business address is **9719**

5  **Lincoln Village Drive, Suite 507, Sacramento, CA 95827.**

6  On January 23, 2023, I served the documents described as: **THOMAS EDGTION'S**

7  **RESPONSE TO SPECIAL INTERROGATORIES, PROPOUNDED BY COSTCO**
**WHOLESALE CORPORATION (SET ONE)** on all interested parties in this action by

8  personal service of documents to the following address.

9  | Addressee: |
   | --- |

10

11 | Law Offices of Matheny Sears Linkert and Jaime L.L.P.<br>3638 American River Drive<br>Sacramento, California 95864 |
   | --- |

12

13

14  I certify under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct. I am executing this document in Sacramento
County, California.

16

17  _Jennifer Childers_                    1/23/23
                                           Date

18

19

20

21

22

23

24

25

26

27

28

**THOMAS EDGTION, JR.'S RESPONSE TO FORM INTERROGATORIES,
PROPOUNDED BY COSTCO WHOLESALE CORPORATION (SET ONE)**

# EXHIBIT D

FILED
Superior Court Of California
Sacramento
12/29/2022
bprasadt
By _____ , Deputy
Case Number:
34-2022-00329165

1   Law Offices of
2   **MATHENY SEARS LINKERT & JAIME LLP**
    MATTHEW C. JAIME (SBN 140340)
    ROBERT W. SWEETIN (SBN 297130)
3   3638 American River Drive
    Sacramento, California 95864
4   Telephone:      (916) 978-3434
    Facsimile:      (916) 978-3430
5   mjaime@mathenysears.com

6   Attorneys for Defendant, COSTCO WHOLESALE
    CORPORATION
7

8                   SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11  THOMAS EDGTION JR.,                 Case No. 34-2022-00329165

12                  Plaintiffs,         **DEFENDANT COSTCO WHOLESALE
                                        CORPORATION'S ANSWER TO**
13      v.                              **COMPLAINT**

14  COSTCO WHOLESALE                    Complaint filed: 11/1/22
    CORPORATION and DOES 1 to 25,       Trial date: TBD
15  inclusive,

16                  Defendant.

17

18      Defendant COSTCO WHOLESALE CORPORATION [hereinafter "COSTCO"] hereby

19  sets forth its Answer and Affirmative Defenses to Plaintiff THOMAS EDGTION JR Complaint

20  for Damages and demands trial by jury.

21                                   **I**

22      COSTCO denies each and every, all and singular, generally and specifically, the allegations

23  in said Complaint, and each and every part thereof; denies that plaintiff has been injured or

24  damaged in any sum or manner whatsoever as a result of the action or inaction of COSTCO, and

25  further denies that plaintiff is entitled to any further relief whatsoever from COSTCO.

26                                   **II**

27      **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

28

                                    1
*DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT*

1    plaintiff's Complaint, COSTCO alleges that plaintiff's Complaint fails to state facts sufficient to

2    state a cause of action against COSTCO.

3                                            III

4        **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

5    plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

6    COSTCO is informed and believes and thereon alleges, that at the time and place of the events

7    described in plaintiff's Complaint, plaintiff was herself, careless, negligent or otherwise legally at

8    fault, and that said carelessness, negligence or other legal fault on the part of plaintiff proximately

9    caused or contributed to, in whole or in part, the injuries, losses and damages complained of, if

10   any there are, by reason of these premises, plaintiff's Complaint is barred, or his recovery is

11   reduced in direct proportion to the amount of contributory or other legal fault.

12                                           IV

13       **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

14   plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

15   COSTCO is informed and believes and thereon alleges, that at the time and place of the events

16   described in plaintiff's Complaint, persons and entities as yet unknown to COSTCO were careless,

17   negligent or otherwise legally at fault, and that such conduct proximately caused or contributed to

18   the losses and damages, complained of by plaintiff, if any there are, and that liability should be

19   apportioned among COSTCO and said persons and entities based upon respective percentages of

20   fault.

21                                            V

22       **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

23   plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

24   COSTCO alleges that in the event plaintiff recovers judgment against COSTCO, said judgment

25   should be apportioned under equitable principles of comparative fault based upon percentages of

26   liability attributable to each defendant or responsible person or entity.

27                                           VI

28       **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

2

1  plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in

2  plaintiff's Complaint, the court lacks personal jurisdiction over COSTCO.

3                                          **VII**

4      **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

5  plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in

6  plaintiff's Complaint, the court lacks subject matter jurisdiction over COSTCO.

7                                          **VIII**

8      **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

9  plaintiff's Complaint, COSTCO alleges that plaintiff lacks capacity to sue for the claims set forth

10 therein.

11                                         **IX**

12     **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

13 plaintiff's Complaint, and to each and every cause of action contained therein, COSTCO alleges

14 that plaintiff, with the exercise of reasonable diligence and effort, would have and could have

15 mitigated the damages alleged in said Complaint, if any there are, and that the resultant damages,

16 if any, complained of in said Complaint were directly and proximately caused by the failure,

17 neglect and refusal of plaintiff to exercise reasonable diligence in an effort to mitigate the damages

18 alleged.

19                                         **X**

20     **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

21 plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

22 COSTCO is informed and believes and thereon alleges that the injuries of which plaintiff

23 complains, are the proximate result of the acts, errors or omissions, negligence or other legal fault

24 of parties, codefendants, persons, partnerships, corporations and entities, both named and

25 unnamed. By virtue of the provisions of California Civil Code sections 1431 et seq. (Proposition

26 51, adopted June 3, 1986), COSTCO respectfully requests that damages, if any, be allocated and

27 apportioned amongst all causative factors and that COSTCO be found legally responsible only for

28 COSTCO's determined share of legal fault.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

3

---

*DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1    XI

2         **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

3    plaintiff's Complaint on file herein, COSTCO alleges that plaintiff's Complaint is barred by the

4    applicable statute of limitations set forth in the California Code of Civil Procedure.

5    XII

6         **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

7    COSTCO did not have either actual or constructive notice, or had inadequate notice, of the alleged

8    dangerous condition described in the Complaint or that said condition had existed for a sufficient

9    time prior to the accident described in the Complaint for measures to have been reasonably taken

10   to protect against, remedy, or warn of the alleged condition.

11   XIII

12        **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

13   at the time of the accident described in the Complaint, COSTCO did not have any care, custody,

14   control, or supervision over the area where said accident allegedly occurred.

15   XIV

16        **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

17   the dangerous condition or defects allegedly existing on the premises described in the Complaint,

18   if said condition or defects existed, which is expressly denied, then said condition or defects were

19   or should have been open and obvious to plaintiff, and therefore no warning about said condition

20   or defects was necessary or required.

21   XV

22        **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

23   plaintiff's Complaint on file herein, the COSTCO alleges that at the time and place referred to in

24   plaintiff's Complaint, plaintiff voluntarily assumed the risk of injury and damage to herself and

25   that any injury or damage suffered by said plaintiff at said time and place was voluntarily assumed

26   by her.

27   ///

28   ///

4

*DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XVI**

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, and to each and every purported cause of action contained therein, COSTCO alleges that the risk of injury created by the alleged condition of property was minor, trivial or insignificant in light of the surrounding circumstances and did not create a substantial risk of injury. Plaintiff is therefore barred entirely from recovery against COSTCO, or alternatively, plaintiff should have the recovery, if any, proportionally reduced.

**XVII**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND AFFIRMATIVE DEFENSE to plaintiff's complaint on file herein, this answering defendant alleges that the complaint fails to state facts sufficient to constitute a viable cause of action for punitive and/or exemplary damages against these answering defendants.

**XVII**

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, COSTCO alleges that COSTCO presently has insufficient knowledge and information upon which to form a belief as to whether COSTCO may have additional, as yet unstated, defenses. Accordingly, COSTCO reserves the right to assert additional defenses in the event discovery and investigation reveals a factual and legal basis for such affirmative defenses.

///
///
///
///
///
///
///
///
///

5

*DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT*

1    WHEREFORE, COSTCO prays:

2    1.    Plaintiff take nothing against it by his Complaint;

3    2.    Defendants have judgment for its costs of suit; and

4    3.    Such other and further relief as the court deems just and proper.

5    Dated: December 27 2022        **MATHENY SEARS LINKERT & JAIME LLP**

7    By:

8    MATTHEW C. JAIME,
Attorneys for Defendant COSTCO
9    WHOLESALE CORPORATION

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

6

*DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

THOMAS EDGTION, JR., v. COSTCO WHOLESALE CORPORATION
SACRAMENTO COUNTY CASE NO. 34-2022-00329165

### PROOF OF SERVICE

I am a citizen of the United States and employed in Sacramento County. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3638 American River Drive, Sacramento, CA 95864.  On this date, I served:

### COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT

[ ]   **BY MAIL.**  By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States Post Office mail box at Sacramento, California, addressed as set forth below. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]   **BY PERSONAL SERVICE.**  I caused such document(s) to be personally hand delivered on this same date to the person(s) as set forth below.

[ ]   **BY FACSIMILE TRANSMISSION.**  I transmitted such document(s) by facsimile machine to the facsimile number for the person(s) as set forth below.

[X]   **BY ELECTRONIC MAIL:** by sending the attached document via electronic mail to the e-mail addresses set forth below:

[ ]   **BY OVERNIGHT COURIER.** By placing a true copy thereof enclosed in a sealed Federal Express envelope, with the correct fee to be paid, in the correct drop box at Sacramento, California, addressed as set forth below. I am readily familiar with my firm's practice of collection and processing Federal Express for overnight delivery.

| | |
|---|---|
| James L. Arrasmith<br>The Law Office of James L. Arrasmith<br>9719 Lincoln Village Dr., #507<br>Sacramento, CA 95827<br><br>P: 916-704-3009<br>Email: jarrasmith@pm.me | Attorney for Plaintiff EDGTION |

I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct.

Executed this 29 day of December, 2022, at Sacramento, California.

Rhonda Ladrido

7