UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDGTION, JR.,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 2:23-cv-00318-DC-CSK PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION<br><br>(ECF No. 27) |

Pending before the Court is a motion for summary adjudication (partial summary judgment) by Defendant Costco Wholesale Corporation.[1] (ECF No. 27.) Plaintiff Thomas Edgtion, Jr., who is proceeding without counsel, brings claims for a negligence and gross negligence. Compl. (ECF No. 1). Plaintiff also seeks punitive damages. *Id.* The motion for summary adjudication is fully briefed. (ECF Nos. 27, 31, 32.) On April 1, 2025, the Court held an in-person hearing. (ECF No. 34.) Attorney Thomas Lininger appeared on behalf of Defendant, and Plaintiff appeared pro se. For the reasons that follow, the Court RECOMMENDS GRANTING IN PART AND DENYING IN PART Defendant's motion for summary adjudication.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I. BACKGROUND

### A. Factual Background[2]

On November 22, 2020, Plaintiff was shopping at the Costco warehouse in Rancho Cordova, California. Compl. at § III.3. Plaintiff cut his hand on a sharp exposed edge while he was attempting to pull a bag of frozen chicken from a freezer. *Id.* at § III.4-5. Plaintiff filed his complaint on November 1, 2022, and seeks, in part, punitive damages.[3] *Id.* at IV.B.

### B. Procedural Background

On November 1, 2022, Plaintiff filed his complaint in Sacramento Superior Court. (ECF No. 1.) On December 29, 2022, Defendant answered Plaintiff's complaint. *Id.* at 41. On February 21, 2023, Defendant removed the action to this Court. *Id.* Defendant filed a motion for summary judgment on August 15, 2024. (ECF No. 9.) However, on August 19, 2024, the Court granted Plaintiff's attorney's request to withdraw as attorney of record, and stayed the case for thirty (30) days to allow Plaintiff to find new counsel. (ECF No. 13.) Plaintiff did not obtain new counsel and is proceeding pro se. On October 15, 2024, upon request from the parties, the case was referred to Magistrate Judge Allison Claire for settlement proceedings. (ECF Nos. 14, 16.) The parties attended a Settlement Conference before Judge Claire on February 5, 2025, and the case did not settle. (ECF No. 25.) Because the motion for summary judgment (ECF No. 9) was still pending on February 5, 2025, but was not re-noticed before the undersigned as required, the Court denied the motion without prejudice to re-filing. (ECF No. 26.) The Court narrowly modified the scheduling order to permit Defendant to re-file and re-notice

---

[2] In their reply, Defendants argue that their statement of undisputed facts should be considered undisputed because Plaintiff's response did not comply with the Local Rules and Federal Rules of Civil Procedure. (ECF No. 32 at 2-3.) Where Defendant's facts are supported by the record, they will be considered undisputed. *See Caldwell-Parker v. Surprise Police Dep't*, 2022 WL 18110867, at *2 n.3 (D. Ariz. Dec. 2, 2022).

[3] Defendant objects to certain exhibits attached to Plaintiff's opposition. (ECF No. 32 at 3.) Because the Court does not rely on any objected-to evidence in its analysis of Defendant's motion, the objections are overruled as moot. *See Gooch v. American Eagle Airlines, Inc.*, 2016 WL 590190, at *1 n.1 (C.D. Cal. Feb. 10, 2016).

its motion for summary judgment. *Id.*

On February 5, 2025, Defendant filed the operative motion for summary adjudication, seeking to dismiss Plaintiff's request for punitive damages. (ECF No. 27.) On March 3, 2025, Plaintiff opposed the motion (ECF No. 31), and Defendant filed a reply (ECF No. 32.) On March 19, 2025, Plaintiff filed a second opposition. (ECF No. 33.)

## II.     LEGAL STANDARDS

### A.     Summary Adjudication Legal Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the mov[ing party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . ." (internal quotation marks and citation omitted)). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

The principal purpose of summary judgment or summary adjudication is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Therefore, the "threshold inquiry" is whether there are any factual issues that could reasonably be resolved in favor of either party, or conversely, whether the facts are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

In a summary judgment or summary adjudication motion, the moving party must inform the court of the basis for the motion and identify the portion of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). To establish the existence of genuine issue of material fact, the opposing party may not rely upon the allegations or denials of its pleadings, but must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact might affect the outcome of the suit and a reasonable jury could return a verdict for the opposing party. *See Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). For the moving party to succeed, the court must conclude that no rational trier of fact could find for the opposing party. *Matsushita*, 475 U.S. at 587.

All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). In addition, while a verified complaint may be considered as evidence at the summary judgment stage "if it is based on personal knowledge and if it sets forth the requisite facts with specificity," *Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc), an unverified complaint cannot be considered as evidence. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006) (citing *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995); *Lew v. Kona Hospital*, 754 F.2d 1420, 1423-24 (9th Cir. 1985)).

///

## III. DISCUSSION

Plaintiff brings claims for negligence and gross negligence against Defendant for allegedly failing to correct a sharp metal edge inside a freezer that created an unreasonably dangerous condition, and for allegedly covering the defect. Compl. at § IV.A-B. Plaintiff seeks punitive damages in addition to compensatory damages and prejudgment interest. *Id.* at § IV.C.

Defendant moves for summary adjudication on Plaintiff's request for punitive damages. Def. MSJ at 1-2 (ECF No. 27-1).

### A. Preliminary Issues

During the April 1, 2025 hearing, the Court ruled on the following matters on the record. The Court memorializes those rulings here. First, the Court denied Plaintiff's informal request to reopen discovery that was contained in the parties' Joint Status Report from October 10, 2024. (*See* ECF No. 14.) Requesting to reopen discovery in a joint status report is improper, and must be made pursuant to Federal Rule of Civil Procedure 26 and the undersigned's Civil Standing Orders. Second, the Court denied Defendant's request to exclude Plaintiff's first opposition to the motion for summary judgment as untimely. (ECF No. 32 at 2; *see* ECF No. 31.) Even though Plaintiff's first opposition was filed late, the Court accepted Plaintiff's first opposition and noted that Defendant had an opportunity to respond and did respond to this opposition. Third, the Court struck Plaintiff's second opposition (ECF No. 33) because it was filed one month late and because Plaintiff did not seek or receive leave to file a second opposition.

### B. Punitive Damages

In a diversity action, the availability of punitive damages is a question of state law. *Nuwintore v. Mgmt. & Training Corp.*, 2018 WL 3491676, at *7 (E.D. Cal. July 19, 2018) (citing *Central Office Tel. v. AT&T Co.*, 108 F.3d 981, 993 (9th Cir. 1997), *rev'd on other grounds*, 524 U.S. 214, 228 (1998)). Under California law, a claim for punitive damages is an additional remedy that is dependent on a viable cause of action for an underlying tort. *569 E. Cnty. Blvd. LLC v. Backcountry Against the Dump, Inc.*, 6 Cal.App.5th 426,

429 n.3 (2016). A plaintiff may recover punitive damages for tortious acts under California law when there is "clear and convincing evidence" that the defendant committed the tortious act with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

Defendant argues that Plaintiff's request for punitive damages is improper because it is based on conduct that occurred after Plaintiff's injury. *See* Def. MSJ at 3-4. To support this argument, Defendant identifies specific portions of the complaint. *See id.*; Def. Stmt. Undisputed Fact No. 4 (citing Compl. at § IV.B) (ECF No. 27-2). Defendant reads Plaintiff's complaint too narrowly, however. Because Plaintiff is appearing pro se, the Court must liberally construe his pleadings. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982)). In addition to the portions Defendant identifies, the complaint also includes allegations that Defendant "failed to correct an unreasonably dangerous defect in their freezer that had very sharp edges." Compl. at § II.1. The complaint further alleges that Defendant's "conduct is malicious and ongoing," and that "[a]s of the date of this Complaint, [Defendant] has not rectified the issue, the sharp edge in the freezer still presents a danger*." Id.* at §§ IV.B.1, IV.B.2. Therefore, the complaint is not, as Defendant argues, limited to challenging Defendant's conduct after Plaintiff's injury. Defendant fails to meet its initial burden as the movant to demonstrate the absence of a genuine issue of material fact, and summary judgment should be denied in part on this ground.

The Court declines to address Plaintiff's argument in his opposition that a portion of his complaint is not accurate. *See* Pl. Opp. at 9 (ECF No. 31). To the extent Plaintiff's opposition argument is an attempt to amend the complaint, this is improper. Plaintiff must file a motion to amend the complaint, and Plaintiff may not add new claims or theories in an opposition to a summary judgment motion. *See Coleman v. Quaker Oats*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Only if the defendants have been put on notice may the plaintiffs proceed on [an alternate] theory at the summary judgment stage"); *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) (affirming district court's grant of summary judgment for defendants on theories not originally raised in the

6

complaint because "the complaint gave the [defendants] no notice of the specific factual allegations presented for the first time in [plaintiff's] opposition to summary judgment"). Further, to the extent that the complaint includes inconsistent allegations or theories, that is permissible pursuant to Federal Rule of Civil Procedure 8(d).

Defendant also argues that Plaintiff lacks standing to request punitive damages against Defendant for conduct against the "public at large." Def. MSJ at 4. To the extent Plaintiff is attempting to seek punitive damages on behalf of other individuals, Defendant is correct that Plaintiff may not do so. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353-55 (2007) (stating that punitive damages may not be used to punish a defendant for injury it inflicts on nonparties). Defendant's motion for summary adjudication should be granted in part on this ground.

The Court notes that during the hearing, Defendant argued for the first time that Plaintiff is not entitled to punitive damages because Plaintiff submitted no evidence to support a finding that an officer or director of Defendant knew, authorized, or ratified the alleged conduct at issue. Though Defendant could have raised this argument in its motion, Defendant did not. *See* Def. MSJ; *see also* Def. Reply. An argument raised for the first time at the hearing is improper, and the Court declines to consider it. *See Rice Corp. v. Grain Bd. of Iraq*, 582 F. Supp. 2d 1309, 1313 (E.D. Cal. 2008); *Acasio v. Lucy*, 2017 WL 1316537, at *10 (N.D. Cal. Apr. 10, 2017).

Therefore, Defendant's motion for summary adjudication should be GRANTED IN PART to the extent Plaintiff seeks punitive damages on behalf of other individuals, and DENIED IN PART as to the remainder of Defendant's motion.

**IV.    CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's informal request to reopen discovery (*see* ECF No. 14) is DENIED; and
2. Plaintiff's second summary judgment opposition is STRICKEN (ECF No. 33).

Further, based upon the findings above, it is RECOMMENDED that Defendant's motion for summary adjudication (ECF No. 27) be GRANTED IN PART to the extent Plaintiff seeks punitive damages on behalf of other individuals, and DENIED IN PART as to the remainder of Defendant's motion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 15, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, edgt.0318.23